UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHARLES SHARP,
   Plaintiff,

vs.                                      No. 06-1160

CORRECTIONAL OFFICER SHANK, et al.,
   Defendants.

## CASE MANAGEMENT ORDER

       This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

       The plaintiff, Charles Sharp, filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Western Illinois Correctional Facility. The plaintiff has named nine defendants including Correctional Officers Shank, Finch, King, Rhynes, Whitaker, Shaw, Korte, Jennings and Warden Roger Zimmerman.

       The plaintiff's complaint is difficult to follow, but he claims he was unfairly denied a prison job based on his past disciplinary tickets, was denied the use of the grievance procedure, was subjected to unfair cell shakedowns and was harassed for having a friendship with a homosexual inmate. The plaintiff is suing some defendants in their individual capacities and some in both their individual and official capacities.

       There are several problems with the plaintiff's complaint. First, the plaintiff cannot base a violation of his constitutional rights on the failure of the defendants to provide him with a prison job. The Seventh Circuit Court of Appeals has determined that neither Illinois law nor the Due Process Clause affords prisoners a liberty or property interest in their jobs. Wallace v. Robinson, 940 F.2d 243 (7th Cir. 1991). Second, the plaintiff has failed to state a claim based on the verbal harassment he received as result of his friendship with a homosexual inmate. "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir.2000). Third, although the plaintiff states his equal protection and Eighth Amendment rights were violated, he has failed to clearly articulate any violation of these rights in his complaint. Fourth, the plaintiff has failed to state a Fourth Amendment violation based on the shake downs of his cell. Hudson v. Palmer, 468 U.S. 517 (1984) (A prisoner has no reasonable expectation of privacy in his prison cell.) Lastly, the plaintiff has failed to state a claim based on the failure of the defendants to respond to his grievances. [A]ny right to a

1

grievance procedure is a procedural right, not a substantive one." Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1995). Therefore, grievance procedures do not give rise to any liberty interests protected by the Due Process Clause. Id.

In addition, it does not appear as though the plaintiff has given the defendants an opportunity to respond to his grievances. The plaintiff says he filed grievances on May 21, 2006; May 26, 2006 and June 2, 2006, but had not received a response as of June 17, 2006. The plaintiff has not allowed the plaintiff's sufficient time to respond to his grievances. It is doubtful the plaintiff could demonstrate that he has fully exhausted his administrative remedies as required. *See* 42 U.S.C. §1997e(a).

**IT IS THEREFORE ORDERED that:**

**1) This case is dismissed in its entirety, without prejudice, pursuant to 28 U.S.C. §1915A(b), for failure to state a claim upon which relief can be granted.**

**2) This dismissal counts as a strike against the Plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g). The clerk is directed to record the strike against the plaintiff.**

**3) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the $350.00 fee is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**4) Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office**.

Entered this __27th_____ day of July, 2006.

       s\Harold A. Baker
      _____
        HAROLD A. BAKER
      UNITED STATES DISTRICT JUDGE